1  JAMES M. CHADWICK, Cal. Bar No. 157114
   jchadwick@sheppardmullin.com
2  GUYLYN R. CUMMINS, Cal. Bar No. 122445
   gcummins@sheppardmullin.com
3  MICHELLE LAVOIE WISNIEWSKI, Cal. Bar No. 234032
   mwisniewski@sheppardmullin.com
4  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   501 W. Broadway, 19th Floor
5  San Diego, California  92101
   Telephone:    619-338-6500
6  Facsimile:    619-234-3815

7  Specially Appearing for Defendant,
   LEMURIA COMMUNICATIONS, INC.
8

9              UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11

12 | PERFECT 10, INC., a California corporation, | Case No. 10-CV-2031 MMA
   | | *Hon. Michael M. Anello*
13 | | 
   |                   Plaintiff, | **LEMURIA COMMUNICATIONS INC.'S:**
14 | |
   |       v. | **(1)  NOTICE OF MOTION AND MOTION TO DISMISS; AND**
15 | |
   | HOTFILE CORP., a Panamanian corporation; HOTFILE, LLC, a Bulgarian limited liability company; ANTON TITOV, an individual; LEMURIA COMMUNICATIONS, INC., a Florida corporation; and DOES 1 through 100, inclusive, | **(2)  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**
16 | |
17 | |
   | | *[Declaration of Anton Titov and Request for Judicial Notice Filed Concurrently Herewith]*
18 | |
19 | |
   |                   Defendants. | Hearing:
20 | | Date:      January 31, 2011
   | | Time:      2:30 p.m.
21 | | Crtrm:     5
22 | |
   | | [Complaint Filed:  September 20, 2010]
23 | |

24

25

26

27

28

# TABLE OF CONTENTS

Page

NOTICE OF MOTION.........................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES.....................................1

I.      INTRODUCTION ...................................................................................1

II.     RELEVANT FACTS...............................................................................2

        A.     Perfect 10's Business.................................................................2

        B.     Lemuria's Business ....................................................................2

        C.     The Complaint's Limited Claims Against Lemuria ...................3

III.    LEMURIA IS NOT SUBJECT TO PERSONAL JURISDICTION IN
        CALIFORNIA ........................................................................................4

        A.     Lemuria Lacks Sufficient Contact with California to Subject It to
               Personal Jurisdiction in this State.............................................4

               1.      Lemuria Is Not Subject to General Personal Jurisdiction in
                       California..........................................................................5

               2.      Lemuria Is Not Subject to Specific Personal Jurisdiction in
                       California..........................................................................7

                       a.      Lemuria Has Not Purposefully Availed Itself of
                               California's Resources or Directed Any Conduct to
                               California Residents ..............................................7

                               (1)     Lemuria Has Not Purposefully Availed Itself of
                                       California Resources .....................................7

                               (2)     Lemuria Has Not Purposefully Directed Any
                                       Action Toward California Residents.............8

                       b.      The FAC Does Not Arise Out of Lemuria's California
                               Activities ...............................................................9

IV.     PLAINTIFF'S FIRST, SECOND, THIRD, AND FOURTH CLAIMS FOR
        COPYRIGHT AND TRADEMARK INFRINGEMENT MUST BE
        DISMISSED UNDER RULE 12(B)(6) FOR FAILURE TO STATE A
        CLAIM ..................................................................................................10

<u>TABLE OF CONTENTS</u>
(continued)

Page

A.   Plaintiff Fails to Allege Facts Sufficient to Support a Claim for
Copyright Infringement Against Lemuria ...................................................... 11

     1.   The FAC Does Not State a Claim of Direct Infringement by
Lemuria ............................................................................................ 11

          a.   The FAC Does Not Identify or Demonstrate Plaintiff's
Ownership of Any Specific Works for Which It Claims
Copyright Protection ............................................................ 12

          b.   The FAC Alleges No Volitional Act of Infringement
Against Lemuria .................................................................... 13

     2.   The FAC Does Not State a Claim of Contributory Infringement
by Lemuria ....................................................................................... 14

          a.   Plaintiff's Inability to Demonstrate Direct Infringement
of Specific Works Precludes Its Contributory
Infringement Claim ............................................................... 15

          b.   The FAC Includes No Claim of Specific Knowledge by
Lemuria ................................................................................. 15

          c.   Plaintiff Does Not Assert Substantial Participation by
Lemuria in the Alleged Copyright Infringement .................. 16

     3.   The FAC Does Not State a Claim of Vicarious Infringement by
Lemuria ............................................................................................ 17

          a.   Plaintiff's Inability to Demonstrate Direct Infringement
of Specific Works Precludes Its Vicarious Infringement
Claim ..................................................................................... 17

          b.   The FAC Does Not Allege Facts Showing Notice to
Lemuria from Plaintiff or Lemuria's Knowledge of and
Failure to Remove Specific Infringing Material .................... 17

          c.   Lemuria Does Not Directly Profit From Infringing
Content Posted to Hotfile.com .............................................. 19

     4.   Plaintiff Has Not State a Claim for Any Form of Copyright
Infringement Against Lemuria ........................................................ 20

LEMURIA'S MOTION TO DISMISS

1
2

<u>TABLE OF CONTENTS</u>
(continued)

Page

3    B.    Plaintiff Fails to Allege Facts Sufficient to Support a Claim for
4          Trademark Infringement Against Lemuria.....................................20

5          1.    The FAC Attributes No Allegedly Infringing or Vicariously
6                Infringing Conduct to Lemuria ...........................................20

7          2.    Any Use of Perfect 10's Trademarks to Refer to Its
                 Pornographic Images Is Lawful Trademark Use................................22

8  V.   PLAINTIFF'S FIFTH, SIXTH, SEVENTH, AND EIGHTH CLAIMS
9       UNDER CALIFORNIA LAW ARE PREEMPTED BY THE
        COMMUNICATIONS DECENCY ACT AND MUST BE DISMISSED .............23
10
11 VI.  PLAINTIFF'S SEVENTH AND EIGHTH CLAIMS ARE REMEDIES,
        NOT CAUSES OF ACTION, AND MUST BE DISMISSED ................................24
12
   VII. CONCLUSION .................................................................................25

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

<u>TABLE OF AUTHORITIES</u>

2

CASES                                                                                       Page(s)

3

*A&M Records, Inc. v. Napster, Inc.*
    239 F.3d 1004 (9th Cir. 2001) ............................................................................... 15

4

5

*Accu-Sport Int'l, Inc. v. Swing Dynamics, Inc.*
    367 F. Supp. 2d 923 (M.D.N.C. 2005) .................................................................... 6

6

*Balistreri v. Pacifica Police Dept.*
    901 F.2d 696 (9th Cir. 1990) ................................................................................. 10

7

8

*Batzel v. Smith*
    333 F.3d 1018 (9th Cir. 2003) ............................................................................... 23

9

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007) ......................... 11, 17, 19

10

11

*Bespaq Corp. v. Haoshen Trading Co.*
    2005 WL 14841 (N.D. Cal. 2005) ................................................................... 12, 13

12

*Brand v. Menlove Dodge*
    796 F.2d 1070 (9th Cir. 1986) ................................................................................. 5

13

14

*Brookfield Comm., Inc. v. West Coast Entertainment Corp.*
    174 F.3d 1036 (9th Cir. 1999) ............................................................................... 20

15

*Chem Lab Products, Inc. v. Stepanek*
    554 F.2d 371 (9th Cir. 1977) ................................................................................... 4

16

17

*Corbis Corp. v. Amazon.com, Inc.*
    351 F. Supp. 2d 1090 (W.D. Wash. 2004) ..................................................... 18, 23

18

19

*Data Disc., Inc. v. Sys. Tech. Assoc.*
    557 F.2d 1280 (9th Cir. 1977) ............................................................................. 4, 5

20

*Doe v. Unocal Corp.*
    248 F.3d 915 (9th Cir. 2001) ................................................................................... 7

21

22

*Ellison v. Robertson*
    189 F. Supp. 2d 1051 (C.D. Cal. 2002),
    *rev'd in part on other grounds*, 357 F.3d 1072 (9th Cir. 2004) ............................ 13

23

24

*Enreach Tech, Inc. v. Embedded Internet Solutions*
    403 F. Supp. 2d 968 (N.D. Cal. 2005) .................................................................. 24

25

26

*Feist Publ'ns, Inc. v. Rural Telephone Service Co.*
    499 U.S. 340, 111 S.Ct. 1282, 113 L. Ed. 2d 358 (1991) ..................................... 12

27

28

-iv-

LEMURIA'S MOTION TO DISMISS

TABLE OF AUTHORITIES
(continued)

Page(s)

*Field v. Google, Inc.*
   412 F. Supp. 2d 1106 (D. Nev. 2006) ............................................. 13

*Four Navy Seals v. Associated Press*
   413 F. Supp. 2d 1136 (S.D. Cal. 2005) ....................................... 12, 13

*Franklin Elec. Publishers, Inc. v. Unisonic Prods. Corp.*
   763 F. Supp. 1 (S.D. N.Y. 1991) ................................................. 12

*Gerlinger v. Amazon.Com, Inc.*
   311 F. Supp. 2d 838 (N.D. Cal. 2004) ........................................... 24

*Glow Indus., Inc. v. Lopez*
   252 F. Supp. 2d 962 (C.D. Cal. 2002) ........................................... 22

*Haisten v. Grass Valley Medical Reimbursement*
   784 F.2d 1392 (9th Cir. 1986) ................................................... 4

*Hanson v. Denckla*
   357 U.S. 235, 78 S.Ct. 1228, 2 L. Ed. 1283 (1958) ........................... 8, 9

*Helicopteros Nacionales de Colombia S.A. v. Hall*
   466 U.S. 408, 104 S.Ct. 1868, 80 L. Ed. 2d 404 (1984) ......................... 6

*Hendrickson v. eBay*
   165 F. Supp. 2d 1082 (C.D. Cal. 2001) ......................................... 18

*International Shoe Co. v. Washington*
   326 U.S. 310, 66 S.Ct. 154 (1945) ........................................... 5, 10

*Io Group, Inc. v. Veoh Networks, Inc.*
   586 F. Supp. 2d 1132 (N.D. Cal. 2008) ...................................... 18, 19

*Keeton v. Hustler Magazine, Inc.*
   465 U.S. 770, 104 S.Ct. 1473, 79 L. Ed. 2d 790 (1984) ......................... 8

*Kenneally v. Bank of Nova Scotia*
   711 F. Supp. 2d 1174 (S.D. Cal. 2010) ......................................... 25

*La. State Univ. Agric. & Mech. Coll. v. Smack Apparel*
   550 F.3d 465 (5th Cir. 2008) ................................................... 22

*Lake v. Lake*
   817 F.2d 1416 (9th Cir. 1987) ............................................. 7, 8, 9

*Lauriedale Assocs., Ltd. v. Wilson*
   7 Cal. App. 4th 1439 (1992) .................................................... 24

-v-

TABLE OF AUTHORITIES
(continued)

Page(s)

*Marobie-Fl, Inc. v. Nat'l. Ass'n of Fire and Equip. Distribs.*
  983 F. Supp. 1167 (N.D. Ill. 1997) ....................................................... 13

*McBride v. Boughton*
  123 Cal. App. 4th 379 (2004)............................................................... 24

*McCoy v. Scantlin*
  2004 WL 5502111 (C.D. Cal. 2004)..................................................... 25

*MGM Studios, Inc. v. Grokster, Ltd.*
  545 U.S. 913, 125 S.Ct. 2764, 162 L. Ed. 2d 781 (2005) ..................... 16, 17, 18, 19

*Parker v. Google, Inc.*
  422 F. Supp. 2d 492 (E.D. Pa. 2006) ................................................. 14, 16, 17, 19

*Perfect 10, Inc. v. Amazon.com, Inc.*
  508 F.3d 1146 (9th Cir. 2007) ............................................................ 15, 16, 17, 18

*Perfect 10, Inc. v. CCBILL, LLC*
  488 F.3d 1102 (9th Cir. 2007)............................................................. 18, 19, 23, 24

*Plunket v. Doyle*
  2001 WL 175252 (S.D.N.Y. 2001) ...................................................... 12

*Religious Tech. Ctr. v. Netcom On-Line Comm. Servs.*
  907 F. Supp. 1361 (N.D. Cal. 1995) ................................................... 13, 14, 15, 16

*Roberts v. Whittaker*
  2006 WL 42397 (N.D. Cal. 2006)........................................................ 8, 9

*Roth v. Garcia Marquez.*
  942 F.2d 617 (9th Cir. 1991)............................................................... 5

*Schwarzenegger v. Fred Martin Motor Co.*
  374 F.3d 797 (9th Cir. 2004)............................................................... 5, 7, 8, 9, 10

*Sefton v. Pathos*
  2002 WL 356518 (N.D. TX. 2002) ...................................................... 17, 18, 19

*Shapiro, Bernstein & Co. v. H. L. Green Co.*
  316 F.2d 304 (2d Cir. 1963) ............................................................... 18

*Sher v. Johnson*
  911 F.2d 1357 (9th Cir. 1990)............................................................. 5

*Stansfield v. Starkey*
  220 Cal. App. 3d 59 (1990)................................................................. 25

-vi-

1

## TABLE OF AUTHORITIES
(continued)

2

Page(s)

3

*Taylor v. IBM*
    54 F. Appx. 794, 2002 WL 31845220 (5th Cir. 2002)...........................................17

4

*Tiffany, Inc. v. eBay, Inc.*
    576 F. Supp. 2d 463 (S.D.N.Y. 2208),

5

    *aff'd by Tiffany, Inc. v. eBay, Inc.*, 600 F.3d 93 (2d Cir. 2010) .......................21, 22

6

*Von Grabe v. Sprint*
    312 F. Supp. 2d 1285 (S.D. Cal. 2003) ...............................................................6

7

8

*Watkinson v. MortgageIt, Inc.*
    2010 WL 2196083 (S.D. Cal. 2010) .....................................................................25

9

10

*Western Mining Council v. Watt*
    643 F.2d 618 (9th Cir. 1981)...................................................................................11

11

12

**STATUTES**

13

17 U.S.C. § 106 ...................................................................................................................12

14

17 U.S.C. § 1114(1) ..........................................................................................................22

15

17 U.S.C. § 1125(a)............................................................................................................22

16

17 U.S.C. § 1125(c)............................................................................................................22

17

47 U.S.C. § 230(c)(1) ........................................................................................................23

18

47 U.S.C. § 230(e)(3) ........................................................................................................23

19

California Business & Professions Code § 17200 ....................................................23, 24

20

California Civil Code § 3344 ............................................................................................24

21

California Code of Civil Procedure § 410.10.................................................................4, 5

22

Federal Rules of Civil Procedure, Rule 12(b)(6) ...........................................................10

23

24

25

26

27

28

-vii-

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 31, 2011 at 2:30 p.m. or as soon thereafter as this matter may be heard in the courtroom of the Honorable Michael M. Anello of the above-entitled Court, located at 940 Front Street, San Diego, California 92101-8900, Defendant Lemuria Communications, Inc. ("Lemuria"), without conceding or consenting to jurisdiction in this matter, will and hereby does move the Court to dismiss the First Amended FAC ("FAC") under Rule 12(b)(2) for lack of jurisdiction and under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

This Motion is based on the ground that Lemuria is not subject to personal jurisdiction in California.  Alternatively, if Lemuria is found subject to personal jurisdiction in California, the FAC should be dismissed for failure to state a claim because: (1) the only activity asserted against Lemuria in the FAC is the provision of web hosting services to which, even if found true, is legally insufficient to subject Lemuria to liability for its first, second, third, and fourth claims for copyright and trademark infringement; (2) Plaintiff's fifth and sixth claims under California state law are barred by the Communications Decency Act; and (3) Plaintiff's seventh and eighth claims are remedies, not legal causes of action.  Accordingly, the FAC should be dismissed as to Lemuria.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Anton Titov, the accompanying Request For Judicial Notice, and all of the pleadings, records, and papers on file herein, as well as such other oral and/or documentary evidence as may be presented at or before the time of the hearing of this Motion.

Dated:  December 20, 2010

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By_____s:/James M. Chadwick_____
JAMES M. CHADWICK
Specially Appearing for Defendant
LEMURIA COMMUNICATIONS, INC.

W02-WEST:3ML1\403132681.2                                    LEMURIA'S MOTION TO DISMISS

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Lemuria is a Florida corporation.  It does not do any meaningful business in the State of California, either in connection with Hotfile.com or otherwise.  Its involvement in activities surrounding Plaintiff's alleged grievances is minimal.

Hotfile.com is a file storage and sharing service that provides users the ability to upload files and generate personalized links through which those files can be accessed and shared by the user.  It is similar to Google docs, Windows Live SkyDrive, and others. (Declaration of Anton Titov in Support of Motion to Dismiss ("Titov Decl."), ¶ 8.)

Plaintiff accuses other named defendants, specifically Hotfile Corporation ("Hotfile Corp."), Hotfile, Ltd. (mis-identified as Hotfile, LLC) and Anton Titov ("Titov"), of copyright infringement and other alleged transgressions, based on the allegation that users of the Hotfile.com service uploaded unspecified works belonging to Plaintiff.  However, Plaintiff's claims against Lemuria are sparse.  It does not include Lemuria in its allegations of allegedly infringing conduct by other Defendants.  Rather, it concedes that Lemuria is a mere service provider for Hotfile.com whose *only* alleged involvement is the provision of web hosting services.  Plaintiff alleges no other conduct attributed to Lemuria.

Plaintiff's jurisdictional allegations against Lemuria are equally sparse.  The FAC contains no specific jurisdictional allegations against Lemuria.  It lumps Lemuria in with the other named Defendants for purposes of jurisdiction, and asserts only a few allegations even as to the Defendants collectively—none of which are true regarding Lemuria.

Based on Lemuria's lack of contacts with the State of California and lack of meaningful involvement in the activities giving rise to the present dispute, Lemuria moves to dismiss for lack of personal jurisdiction.  In the event that jurisdiction is found to exist, Lemuria alternately moves to dismiss for failure to state a claim.  Providing web hosting services, the only conduct specifically attributed to Lemuria in the FAC, is insufficient to subject Lemuria to copyright and trademark liability as a matter of law.  Plaintiff's state law claims are independently subject to dismissal under the Communications Decency Act.

-1-

1
## II.     RELEVANT FACTS

2
### A.     Perfect 10's Business

3
Plaintiff, Perfect 10, Inc. ("Perfect 10" or "Plaintiff"), is a California corporation

4
that ostensibly produces and distributes pornography.  (FAC ¶ 4; *see also* Plaintiff's

5
website at *www.perfect10.com*.)  Perfect 10 is a notorious serial copyright plaintiff that has

6
filed at least twenty-four copyright infringement cases over the last eleven years.  (*See*

7
Request for Judicial Notice ("RJN"), Exs. B-AA.)

8
Perfect 10 formerly filed its actions in the Central District of California.  (*See e.g.*

9
RJN, Exs. E-L, N-Q, S-Z.)  After numerous unsuccessful cases there, the vexatious nature

10
of its litigation history was recognized by Judge Matz, who said of Perfect 10:  "[T]his

11
apparent practice or pattern of making all these slashing claims and then saying prove us

12
wrong is not quite the way it's supposed to work . . . And it's not the way it's going to

13
work from here on in."  (RJN, Ex. AA, p. 44 of ECF Doc. No. 26-7.)  Having exhausted its

14
welcome in the Central District, Perfect 10 appears to have moved to the Southern District

15
to continue pursuing its litigation-based business plan.  (*See* RJN, Exs. C-D.)

16
### B.     Lemuria's Business

17
Lemuria contracts with Hotfile, Ltd. to provide web hosting services for

18
Hotfile.com.  (Titov Decl. ¶ 5.)  It owns servers and network hardware and contracts with a

19
data-center operator to house, maintain, and provide connectivity for those servers.  (*Id.*

20
¶ 6.)  It also contracts with Internet access providers and others to provide web hosting

21
services.  (*Id.*)  Lemuria does not own Hotfile.com, nor does any Hotfile entity own

22
Lemuria.  (*Id.* ¶ 8.)  It is not involved in Hotfile.com's day-to-day operations.  (*Id.* ¶ 9.)

23
Lemuria lacks the ability to control content uploaded to or downloaded from Hotfile.com.

24
(*Id.* ¶ 9.)  It is unable to discern the nature of content that is uploaded to or stored on

25
Hotfile.com unless such content is specifically brought to its attention and Lemuria is

26
provided with a URL related to that content.  (*Id.*)  Prior to this litigation, Lemuria was

27
unaware of Perfect 10 or its pornographic works.  (*Id.* ¶ 12.)

28

LEMURIA'S MOTION TO DISMISS

Lemuria is a Florida corporation with offices located at 110 East Broward Boulevard, Suite 1736, Fort Lauderdale, Florida, 33301.  (Titov Decl. ¶ 3 and Ex. A.)  Lemuria does not conduct any business in the State of California.  (*Id*. ¶¶ 10-11.)  Lemuria owns no real or personal property in California, it does not pay California income or property taxes, it has no California employees, California bank or deposit accounts, and it does not sell any products or services to California residents or businesses.  (*Id*. ¶ 10)  Lemuria does not contract with any California entity to receive any goods or services.  (*Id*. ¶ 11.)  It does not have any agents or representatives in California, nor does it have any officers, employees, agents or representatives who have visited California to engage in business there.  (*Id*. ¶ 10.)  The only contact Lemuria ever had with California was its purchase of computer servers from a Northern California company several years ago.  (*Id*. ¶ 11.)

**C.     The Complaint's Limited Claims Against Lemuria**

The FAC does not assert any direct involvement by Lemuria in the alleged operations of Hotfile.com.  It contains only three allegations regarding Lemuria:

- "The computer servers that host hotfile.com . . . are managed and operated by Titov and Lemuria Corporation."  (FAC ¶ 7, repeated in ¶ 29.)

- "[Lemuria] materially assists in the infringement by providing web hosting facilities and technical support for hotfile.com."  (*Id*.)

- Lemuria is aware of the infringement occurring its [sic] servers (which it owns and controls), and directly profits from them.  (*Id*.)

The FAC acknowledges Lemuria's limited involvement in the alleged activities forming the basis for Plaintiff's claims.  The FAC defines "Hotfile" as Hotfile Corporation, Hotfile, Ltd. and Anton Titov, collectively.  (FAC ¶ 5.)  It then claims that Hotfile, *not Lemuria*, operates Hotfile.com.  (*Id*. ¶ 22.)  The FAC attributes numerous allegedly infringing activities to Hotfile which, as defined, expressly excludes Lemuria.[1]

---

[1]     As the only party so far served in this litigation, Lemuria makes this motion solely on its own behalf.  In doing so, it does not address the merits of Plaintiff's claims against Hotfile

1    (FAC ¶¶ 22, 23, 24, 28, 30.)  Likewise the only allegations that Plaintiff provided notice of

2    any alleged infringement pertain to Hotfile, not Lemuria.  (FAC ¶ 30(a).)

3          Thus, Lemuria is excluded from the specific allegations of allegedly infringing

4    conduct that form the basis for Plaintiff's claims.  Rather, the only alleged conduct

5    attributed to Lemuria is the aforementioned web hosting and technical support services.

6    (FAC ¶ 7.)  These allegations are insufficient to establish sufficient contact with the State

7    of California to confer personal jurisdiction, or to state a claim against Lemuria for

8    copyright and trademark infringement, or any other cause of action.

9    **III.    LEMURIA IS NOT SUBJECT TO PERSONAL JURISDICTION IN
             CALIFORNIA**

10

11          The power of a federal court to exercise personal jurisdiction over a nonresident

12   defendant depends on:  (1) whether an applicable state statute confers personal jurisdiction;

13   and (2) whether assertion of such jurisdiction comports with federal constitutional

14   principles of due process.  *Haisten v. Grass Valley Medical Reimbursement*, 784 F.2d

15   1392, 1396 (9th Cir. 1986).  A *prima facie* showing of jurisdiction requires plaintiff to

16   produce admissible evidence that, if believed, would be sufficient to establish the existence

17   of personal jurisdiction.  *Data Disc., Inc. v. Sys. Tech. Assoc.*, 557 F.2d 1280, 1285 (9th

18   Cir. 1977).  Mere allegations of sufficient contacts are not enough.  *Chem Lab Products,*

19   *Inc. v. Stepanek*, 554 F.2d 371, 372 (9th Cir. 1977).  Because Lemuria does not engage in

20   conduct sufficient to establish jurisdiction, it is not subject to personal jurisdiction.

21   **A.    Lemuria Lacks Sufficient Contact with California to Subject It to Personal
             Jurisdiction in this State**

22

23          California's long-arm statute allows personal jurisdiction where permitted by the

24   Constitution's Due Process Clause.  Cal. Code Civ. Proc. § 410.10.  The Constitution

25   requires a non-resident defendant to have sufficient "minimum contacts" with the forum so

26

27          Corp., Hotfile, Ltd., and Anton Titov.  In acknowledging Plaintiff's claims against those
            entities, Lemuria does not concede their veracity or viability.

28

-4-

1   that jurisdiction "does not offend traditional notions of fair play and substantial justice."

2   *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945).[2]

3         The minimum contacts standard can be satisfied by showing that the defendant is

4   subject either to:  (1) general personal jurisdiction; or (2) specific personal jurisdiction.

5   *Roth,* 942 F.2d at 620.  Upon defendant's assertion of lack of personal jurisdiction, the

6   plaintiff must make a *prima facie* showing of jurisdiction, *i.e.*, provide admissible evidence

7   that, if believed, would be sufficient to establish the existence of personal jurisdiction.

8   *Data Disc.*, 557 F.2d at 1285.  As noted, mere allegations of sufficient contacts are not

9   enough.  *Id.*  Neither general nor specific jurisdiction exists here.

10         **1.**     **Lemuria Is Not Subject to General Personal Jurisdiction in California**

11         A defendant may be subject to general personal jurisdiction if its forum-related

12   activities are substantial, continuous, and systematic.  *Schwarzenegger v. Fred Martin*

13   *Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).  This is a high threshold, which Plaintiff

14   must meet with specific information.  *Brand v. Menlove Dodge*, 796 F.2d 1070, (9th Cir.

15   1986) ("Our cases demonstrate that 'substantial' is intended to be a fairly high standard.").

16         The FAC does not allege any contacts specifically between Lemuria and the State

17   of California.  Rather, it lumps Lemuria together with all other named defendants, stating

18   that defendants *collectively*:  (1) "transact business and enter into contracts with

19   individuals in California;" (2) "contract with California customer to sell monthly

20   memberships for their services;" (3) "receive much of their revenue directly from Paypal, a

21   California corporation;" and (4) that "material elements of [d]efendants' wrongdoing

22   occurred in this State."  (FAC ¶ 3.)  These conclusory allegations, none of which are

23   specifically attributed to Lemuria, are insufficient.  *Sher v. Johnson*, 911 F.2d 1357, 1366

24   (9th Cir. 1990) ("jurisdiction over each defendant must be established individually").

25   They are also false as to Lemuria.

26   _____

27   [2]    As § 410.10 is coextensive with federal due process requirements, the jurisdictional
    inquiries under state law and federal due process "merge into one analysis."  *Roth v.*

28   *Garcia Marquez.* 942 F.2d 617, 620 (9th Cir. 1991).

1    Contrary to the FAC's conclusory allegations, Lemuria does not have substantial,

2    continuous, and systematic contacts with California.  Lemuria is a Florida corporation with

3    its only office in Florida.  (Titov Decl. ¶ 3.)  It does not transact any business in California.

4    (*Id*. ¶¶ 10-11.)  Lemuria has never contracted with a customer in California.  (*Id*. ¶ 10.)

5    Lemuria does not sell monthly memberships to any services and does not sell any goods or

6    services to California residents.  (*Id*. ¶ 11.).  Lemuria does not receive any revenue from

7    Paypal or any other California corporation, business entity, or individual.  (*Id*.)

8    Likewise, Lemuria:  (1) does not own real or personal property in California;

9    (2) does not pay California income or property taxes; (3) does not have offices in

10   California; (4) does not have officers, employees, agents or representative who reside or

11   are domiciled in California, or who have visited California in order to engage in business;

12   (5) does not have California bank or deposit accounts.  (Titov Decl. ¶ 10.)  Lemuria's

13   servers, which host Hotfile.com, are located outside of California, in Dallas Texas.  (*Id*.

14   ¶ 6.)  Lemuria has only ever had one transaction with a California-based entity.  Though

15   not alleged in the FAC, several years ago, Lemuria bought hardware from a company

16   located in Fremont, California.  (*Id*. ¶ 11.)  That single, unrelated purchase does not subject

17   Lemuria to general personal jurisdiction in California.  *See e.g. Accu-Sport Int'l, Inc. v.*

18   *Swing Dynamics, Inc*., 367 F. Supp. 2d 923, 928 (M.D.N.C. 2005) ("Defendant's conduct

19   related to this single, isolated transaction . . is neither continuous nor systematic enough to

20   justify [general jurisdiction] for acts entirely separate from the transaction.").

21   Lemuria does not have substantial, continuous, or systematic contact with

22   California.  Therefore, Lemuria cannot be held subject to general personal jurisdiction in

23   California.  *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 416, 104

24   S.Ct. 1868, 80 L. Ed. 2d 404, 412 (1984) (finding no general jurisdiction over Columbian

25   corporation that regularly sent employees to Texas for training and purchased parts there

26   but did not have offices, agents, employees or a license to do business there); *see also Von*

27   *Grabe v. Sprint*, 312 F. Supp. 2d 1285, 1295 (S.D. Cal. 2003) ("Such lack of contacts

28

W02-WEST:3ML1\403132681.2                                              LEMURIA'S MOTION TO DISMISS

1  generally are held sufficient to successfully challenge the exercise of general

2  jurisdiction.").

3  **2.     Lemuria Is Not Subject to Specific Personal Jurisdiction in California**

4  A defendant may be subject to specific jurisdiction where:  (1) it has done some act

5  to purposely avail itself of the privilege of conducting activities in the forum, or has

6  purposefully directed its activities or consummated some transaction within the forum;

7  (2) the complaint arises out of the defendant's forum-related activities; and (3) the exercise

8  of jurisdiction is reasonable.  *Schwarzenegger*, 374 F.3d at 802.  If the plaintiff fails to

9  satisfy either of the first two prongs, an inquiry into reasonableness is not necessary.  *Id.*

10  Plaintiff cannot establish either of the first two prongs as to Lemuria.

11  *a.     Lemuria Has Not Purposefully Availed Itself of California's Resources or
         Directed Any Conduct to California Residents*

12  As to the first prong, Plaintiff must allege and prove that Lemuria either:  (1) did

13  some act to purposely take advantage of the privilege of conducting activities in California,

14  or (2) engaged in some "affirmative conduct" expressly aimed at California.

15  *Schwarzenegger*, 374 F.3d at 802.  The FAC, alleges only that Lemuria engaged in web

16  hosting services for Hotfile.com, so fails to allege purposeful availment or direction.

17  *(1)     Lemuria Has Not Purposefully Availed Itself of California Resources*

18  An evaluation of purposeful availment focuses on defendant's actions within the

19  forum state.  *Schwarzenegger*, 374 F.3d at 802.  It requires some affirmative conduct

20  conferring onto itself the benefits of California's resources.  *See Doe v. Unocal Corp.*, 248

21  F.3d 915, 924 (9th Cir. 2001) ("Purposeful availment . . . requires finding that the

22  defendant [has] performed some type of affirmative conduct which allows or promotes the

23  transaction of business within the forum state.").  This prong requires a "qualitative

24  evaluation of defendant's contacts."  *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987).

25  Lemuria has no contact with California or California residents.  It does not conduct

26  any business in California, contract with customers or service providers in California, and

27  does not otherwise has any qualifying contacts with California residents.  *See*

28  Section III(A)(1), *supra*.  The only conduct attributed to Lemuria in the FAC is web

1   hosting and technical support services.  (FAC ¶ 7.)  Those services are not performed

2   within California, but in Florida through the use of servers located in Texas.  (Titov Decl.

3   ¶ 6.)  They are not performed in conjunction with California businesses, entities, or

4   individuals.  (*Id*. ¶ 5.)

5        In sum, Plaintiff does not and cannot assert purposeful availment sufficient to

6   support a claim of specific jurisdiction.

7            *(2)    Lemuria Has Not Purposefully Directed Any Action Toward*
                    *California Residents*
8

9        A showing of purposeful direction requires evidence of actions outside of the forum

10  that are directed into the forum, such as distribution in the forum of goods originating

11  elsewhere.  *Schwarzenegger*, 374 F.3d at 797; *Keeton v. Hustler Magazine, Inc.*, 465 U.S.

12  770, 774-75, 104 S.Ct. 1473, 1478, 79 L. Ed. 2d 790, 797-98 (1984) (finding purposeful

13  direction where Ohio publisher distributed magazines in New Jersey).

14       Again, the only action attributed to Lemuria in the FAC is providing web hosting

15  services.  (FAC ¶ 7.)  A web host's services are "directed" to the location of that

16  company's client.  *See e.g. Roberts v. Whittaker*, 2006 WL 42397, at *3 (N.D. Cal. 2006).

17  Lemuria's hosing services were performed for Lemuria's client, Hotfile, Ltd., which is

18  located in Bulgaria  (Titov Decl. ¶¶ 5,7.)  Lemuria has no control over where the

19  Hotfile.com service is available.  (*Id*. ¶ 9.)  Thus, its only alleged activities were directed

20  solely at Bulgaria, where the recipient of those services resides.

21       To the extent the FAC alleges activities in California of other Defendants, such as

22  Hotfile Corp., Hotfile, Ltd., and Titov, or the nature of the Hotfile.com website, those

23  issues are irrelevant to jurisdiction over Lemuria.  The unilateral activities of third parties

24  cannot establish personal jurisdiction as to Lemuria.  *Hanson v. Denckla*, 357 U.S. 235,

25  253, 78 S.Ct. 1228, 1240, 2 L. Ed. 1283 (1958) ("The unilateral activity of those who

26  claim some relationship with a nonresident defendant cannot satisfy the requirement of

27  contact with the forum state."); *Lake*, 817 F.2d at 1421 (a defendant may not be haled into

28  a jurisdiction based on the unilateral acts of third parties).  Rather, courts must look to the

nature of defendant's own website, its own business contacts, and the location of its own customers to determine personal jurisdiction.  *See e.g. Roberts*, 2006 WL 42397, at *3 (considering the nature of defendant's own website, not the nature of the website defendant hosted for plaintiff); *see also Hanson*, 357 U.S. at 253, 78 S.Ct. at 1240 (jurisdiction is only proper "where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State.").  Thus, the nature of the website hosted by Lemuria is irrelevant.  Rather, this prong evaluates the situs of Lemuria's own conduct and the location to which its hosting services were directed.

Lemuria does not operate a website.  (Titov Decl. ¶ 5.)  Lemuria does not solicit customers in California.  (*Id*.)  Lemuria does not have any California customers.  (*Id*. ¶¶ 10-11.)  Lemuria does not advertise in California or elsewhere.  (*Id*. ¶ 5.)  Lemuria has not entered into any contracts to provide services to any California entity and does not provide any services to California residents.  (*Id*. ¶¶ 10-11.)  The FAC bases its jurisdictional claim solely on Lemuria's provision of web hosting services.  (FAC ¶ 7.)  Those are not directed to California, but to Bulgaria where the recipient of those services resides.  Thus, these facts based on Lemuria's *own* business operations and contacts, purposeful direction is lacking.

In sum, Plaintiff cannot state a claim for purposeful direction sufficient to support a claim of specific jurisdiction.  Lemuria does not purposely direct its web hosting services to California customers and Plaintiff cannot rely on the other named defendants' conduct to state a claim of jurisdiction against Lemuria.

b.      *The FAC Does Not Arise Out of Lemuria's California Activities*

After demonstrating that a defendant has purposefully availed itself of the forum's resources, a plaintiff must demonstrate that its complaint arises out of those forum-related activities.  *Schwarzenegger*, 374 F.3d at 802.  This prong evaluates "the relationship between the cause of plaintiff's harm and the defendant's acts identified as creating purposeful contacts with the forum state."  *Lake*, 817 F.2d at 1421.  Here, because no contacts are demonstrated in prong one of this analysis, no further analysis is needed.

1    *Schwarzenegger*, 374 F.3d at 802 ("If the plaintiff fails to satisfy either of these prongs,

2    personal jurisdiction is not established in the forum state.").

3        In any event, there can be no connection between Lemuria's forum-related conduct

4    and the FAC because the FAC does not arise from *any* activity performed by Lemuria.

5    Plaintiff's claims arise solely from the operation and nature of the Hotfile service, in which

6    Lemuria plays no part.  (Titov Decl. ¶ 9.)  Rather, all of the specific conduct Plaintiff

7    alleges as giving rise to its claims is attributed to Hotfile Corp., Hotfile Ltd. and Anton

8    Titov.  (FAC ¶¶ 22, 23, 24, 28, 30.)

9        Each of Plaintiff's claims arise from its assertions about the management of

10   Hotfile.com, the nature of the Hotfile.com service, and how that service is used by Internet

11   customers.  (FAC ¶¶ 22, 23, 24, 28, 30.)  As a mere web host, Lemuria plays no role in

12   those alleged activities.  It has no involvement in the day-to-day operations of Hotfile.com.

13   (Titov Decl. ¶ 9.)  It has no ability to ascertain the nature of or control content on the

14   Hotfile.com service, other than the limited ability to remove allegedly infringing works

15   upon notice identifying and providing URL's for those files.  (*Id.*)

16        Because the alleged activities giving rise to this action were not performed by

17   Lemuria at all, let alone directed by Lemuria to California, the second prong of the specific

18   jurisdiction test fails.  *Schwarzenegger*, 374 F.3d at 802.  Where both prongs fail there is

19   no need to examine the reasonableness of forcing defendant to defend in California.  *Id*.

20   To hail Lemuria into California under these circumstances would "offend traditional

21   notions of fair play and substantial justice," and is therefore prohibited.  *International Shoe*

22   *Co.*, 326 U.S. at 316, 66 S.Ct. at 158.

23   **IV.    PLAINTIFF'S FIRST, SECOND, THIRD, AND FOURTH CLAIMS FOR
         COPYRIGHT AND TRADEMARK INFRINGEMENT MUST BE**

24          **DISMISSED UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM**

25        A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims

26   asserted.  Fed. R. Civ. P. 12(b)(6).  Dismissal is proper where there is either a "lack of a

27   cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable

28   legal theory."  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  In

-10-

considering a Rule 12(b)(6) motion, the Court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast as factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955, 1965, 167 L. Ed. 2d 929, 940 (2007), pleadings must contain "enough factual matter . . . to raise a reasonable expectation that discovery will reveal evidence of" the alleged wrongdoing. Plaintiffs cannot avoid dismissal by claiming a mere "possibility of an entitlement to relief." Instead, complaints must plead *specific facts* sufficient to demonstrate a claim's "plausibility." *Id.* at 558.

The FAC makes numerous allegations about the operation and use of Hotfile.com. But, Plaintiff asserts only one specific allegation of Lemuria's involvement in the activities giving rise to the FAC. Plaintiff asserts that Lemuria "host[s]" Hotfile.com. (FAC ¶ 7.) Specifically, it asserts that Lemuria "provid[es] web hosting facilities and technical support for Hotfile.com." (*Id.*) Absent additional allegations of notice to Lemuria, specific facts indicating its inducement or encouragement of infringement, and specific facts supporting a claim for direct financial benefit to Lemuria from infringement occurring on its servers, an allegation that Lemuria merely provides web hosting services is insufficient as a matter of law to subject Lemuria to liability for copyright or trademark infringement.

**A.    Plaintiff Fails to Allege Facts Sufficient to Support a Claim for Copyright Infringement Against Lemuria**

To state a claim for copyright infringement, the FAC must include facts against Lemuria sufficient to demonstrate either direct, contributory, or vicarious copyright infringement. The FAC does not contain sufficient factual allegations to support any of the three types of infringement. On that basis, dismissal of Plaintiff's first claim for copyright infringement is required.

**1.    The FAC Does Not State a Claim of Direct Infringement by Lemuria**

To state a claim for direct copyright infringement, Plaintiff must assert specific facts demonstrating that: (1) It owns allegedly infringed material; and (2) defendant reproduced, distributed performed, displayed or made a derivative work from the protected

-11-

material.  17 U.S.C. § 106.  The FAC fails to state a claim for direct infringement against Lemuria because it does not assert that Lemuria reproduced, distributed performed, displayed or made a derivative work from any content allegedly owned by Perfect 10.

      a.      *The FAC Does Not Identify or Demonstrate Plaintiff's Ownership of Any Specific Works for Which It Claims Copyright Protection*

As a threshold matter, a direct infringer must show valid ownership of protected works.  17 U.S.C. § 106; *Feist Publ'ns, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 1296, 113 L. Ed. 2d 358, 379 (1991).  This requires more than a mere list of purported copyright registration numbers as provided by Plaintiff.  It requires Plaintiff to list specific works that it contends were infringed and prove ownership of a valid copyright registration as to each work.  *Four Navy Seals v. Associated Press*, 413 F. Supp. 2d 1136, 1148 (S.D. Cal. 2005) (finding that plaintiff had pleaded insufficient facts where "[t]he complaint does not identify exactly which works Defendants infringed); *Bespaq Corp. v. Haoshen Trading Co.*, 2005 WL 14841, at *2 (N.D. Cal. 2005) (granting defendant's motion to dismiss where "BESPAQ does not identify which preexisting works in the registered catalog have been infringed by the defendants"); *Plunket v. Doyle*, 2001 WL 175252, at *4 (S.D.N.Y. 2001) (plaintiff must plead "which specific original works are the subject of the copyright claim" and "by what acts during what time the defendant infringed the copyright"); *Franklin Elec. Publishers, Inc. v. Unisonic Prods. Corp.*, 763 F. Supp. 1, 4 (S.D. N.Y. 1991) (plaintiff must, at a minimum, state "which specific original works are the subject of the claim, that plaintiff owns the copyright, that the works have been registered in compliance with the copyright statute and by what acts and during what time defendant has infringed the copyright.").

Plaintiff has not identified which specific works it alleges were infringed.  The FAC merely comprises of a laundry list of purported copyright registration numbers.  (FAC Ex. A.)  Nowhere does the FAC state the title of those works or what those works consist of.  Nowhere does the FAC state which of those works it contends were infringed or which defendant it alleges infringed those works.  (*See* FAC ¶ 28, ln 9-11 (stating only that

                                                   LEMURIA'S MOTION TO DISMISS

1   "thousands of Perfect 10 copyrighted images, Perfect 10 videos, and materials that infringe

2   upon Perfect 10 trademarks, and rights of publicity" are available for download on

3   Hotfile.com").)  The FAC does not identify a single specific work that Plaintiff contends

4   was infringed.  (*Id.*)

5        By failing to allege any specific works that Plaintiff contends were infringed by any

6   party, the FAC fails to meet the basic pleading requirements for a copyright infringement

7   claim.  *Four Navy Seals*, 413 F. Supp. 2d at 1148; *Bespaq*, 2005 WL 14841 at *2.  On that

8   basis alone, dismissal is proper.

9            b.      *The FAC Alleges No Volitional Act of Infringement Against Lemuria*

10       Direct copyright infringement requires an affirmative, volitional act of copying or

11  other infringing activity by the defendant.  *Religious Tech. Ctr. v. Netcom On-Line Comm.*

12  *Servs.*, 907 F. Supp. 1361, 1369-70 (N.D. Cal. 1995) ("Although copyright is a strict

13  liability statute, there should still be some element of volition or causation which is lacking

14  where a defendant's system is merely used to create a copy by a third party."); *see also*

15  *Field v. Google, Inc.*, 412 F. Supp. 2d 1106, 1115 (D. Nev. 2006) ("A plaintiff must also

16  show volitional conduct on the part of the defendant in order to support a finding of direct

17  copyright infringement.") (*citing RTC*, 907 F.Supp. at 1369-70); *Ellison v. Robertson*, 189

18  F. Supp. 2d 1051, 1057 (C.D. Cal. 2002), *rev'd in part on other grounds*, 357 F.3d 1072

19  (9th Cir. 2004) (finding that direct liability should be limited to those "who are responsible

20  for the actual copying").

21       The FAC does not allege that Lemuria engaged in any volitional conduct related to

22  its allegedly protected material.  Although it asserts that the Hotfile entities engaged in

23  volitional acts such as uploading, copying, displaying, and distributing material (FAC

24  ¶¶ 22-30), Plaintiff does not assert that Lemuria engaged in any such conduct.  Rather,

25  Plaintiff alleges only that Lemuria hosts the Hotfile.com website

26       The assertion of web hosting services alone is insufficient to support a claim for

27  direct copyright infringement against Lemuria.  *See e.g. Marobie-Fl, Inc. v. Nat'l. Ass'n of*

28  *Fire and Equip. Distribs.*, 983 F. Supp. 1167, 1176-79 (N.D. Ill. 1997) (web hosting

-13-

1   company not directly liable for copyright infringement performed by the website's

2   administrator because the web host only provided the means to display the works but did

3   not itself engage in the allegedly infringing activity).  To the contrary, automated copying

4   of material through a website is not direct infringement as a matter of law:

5               The mere fact that Netcom's system incidentally makes
                temporary copies of plaintiffs' works does not mean Netcom
6               has caused the copying.  The court believes that Netcom's act
                of designing or implementing a system that automatically and
7               uniformly creates temporary copies of all data sent through it is
                not unlike that of the owner of a copying machine who lets the
8               public make copies with it.  Although some of the people using
                the machine may directly infringe copyrights, courts analyze
9               the machine owner's liability under the rubric of contributory
                infringement, not direct infringement.

10

11   *RTC*, 907 F. Supp. at 1369; *see also Parker v. Google, Inc.*, 422 F. Supp. 2d 492, 497

12   (E.D. Pa. 2006) ("When an ISP automatically and temporarily stores data without human

13   intervention so that the system can operate and transmit data to its users, the necessary

14   element of volition is missing.").

15        In sum, the FAC's allegation that Lemuria hosts Hotfile.com is insufficient as a

16   matter of law to support a claim for direct copyright infringement, because it does not

17   include any allegation of volitional conduct constituting one of the activities prohibited

18   under the Copyright Act.

19        **2.    The FAC Does Not State a Claim of Contributory Infringement by
                  Lemuria**

20        To state a claim for contributory infringement Plaintiff must allege specific facts

21   demonstrating that:  (1) direct infringement by some third party occurred; (2) Lemuria had

22   knowledge of that alleged infringement; and (3) Lemuria substantially participated in it.

23   *RTC*, 907 F. Supp. at 1375 ("Where a defendant has knowledge of the primary infringer's

24   infringing activities, it will be liable if it 'induces, causes or materially contributes to the

25   infringing conduct of' the primary infringer.  Such participation must be substantial.")

26   (internal citations omitted).

27

28

-14-

a.     *Plaintiff's Inability to Demonstrate Direct Infringement of Specific Works Precludes Its Contributory Infringement Claim*

As a threshold matter, before Plaintiff can prove contributory infringement it must show that there has been direct infringement of specific protected works by third parties. *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013, n.2 (9th Cir. 2001) ("Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party."); *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1172 (9th Cir. 2007) (quoting *Napster*).  Plaintiff's failure to identify specific works in which it holds valid copyrights that were infringed is fatal to its secondary infringement claims.  Because Plaintiff has not shown that specific works were directly infringed by third parties, its secondary infringement claims are insufficient as a matter of law.

b.     *The FAC Includes No Claim of Specific Knowledge by Lemuria*

To state a claim of contributory infringement, Plaintiff must allege facts establishing that Lemuria had specific knowledge that Plaintiff's copyrighted works resided on its server, and allowed that information to reside there anyway.  *Napster*, 239 F.3d at 1021 (finding knowledge where "a computer system operator learns of specific infringing material and fails to purge such materials from the system"); *RTC*, 907 F. Supp. at 1366-67 (host of an online bulletin board would be liable for infringement if it retained posts containing infringing material after it know of their infringing content).  This requires facts showing actual knowledge that specific infringing material was available on Lemuria's servers.  *Amazon.com*, 508 F.3d at 1172 ("a computer system operator can be held contributorily liable if it has actual knowledge that specific infringing material is available using its system" but fails to remove it).

Plaintiff's conclusory allegation that Lemuria had knowledge "of the infringements occurring on its servers" is insufficient to establish the specific knowledge element of a contributory infringement claim.  (FAC ¶ 7.)  Under *RTC* and its progeny, Lemuria cannot be charged with knowledge of Plaintiff's alleged copyrights unless and until it was notified that specific files located on its servers comprised Plaintiff's copyrighted works, and

-15-

1   allowed those files to remain on its site after receiving notice.  *Amazon.com*, 508 F.3d at

2   1172 (requiring actual knowledge); *RTC*, 907 F. Supp. at 1366-67.

3        The FAC does not contain any allegation that Plaintiff ever notified Lemuria of any

4   allegedly infringing content residing on its servers.  (FAC ¶¶ 7, 30.)  In fact, the FAC does

5   not assert any communication at all between Lemuria and Plaintiff prior to this lawsuit.

6   (*Id.*)  Because the FAC lacks any allegations of facts showing that Plaintiff notified

7   Lemuria of allegedly infringing content, or that Lemuria otherwise acquired knowledge of

8   specific infringing material belonging to Plaintiff on its servers, it fails to assert the

9   specific knowledge requirement for a contributory infringement claim.  *See e.g. Parker*,

10  422 F. Supp. 2d at 498 (dismissing complaint, in part, because plaintiff failed to allege the

11  requisite level of knowledge of the alleged infringement).

12        c.    *Plaintiff Does Not Assert Substantial Participation by Lemuria in the Alleged Copyright Infringement*

13        Substantial participation in infringing conduct requires a showing that Lemuria

14  intentionally induced or encouraged third parties to infringe Plaintiff's copyrights.  *MGM*

15  *Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930, 125 S.Ct. 2764, 2776, 162 L. Ed. 2d

16  781, 796 (2005).  Plaintiff must, at a minimum, allege actual intent to induce infringement

17  through specific acts.  Intentional inducement or encouragement cannot be implied merely

18  from the fact that Lemuria's servers were used to store allegedly infringing content.  *Id.* at

19  935-36.  Examples of circumstances evidencing such intent might be defendant's

20  advertising, instruction to users about how to use a product for infringement, or whether

21  defendant obtains a direct financial benefit from infringing materials.  *Grokster*, 545 U.S.

22  at 935-39.

23        The FAC is silent as to intentional inducement or encouragement by Lemuria.  It

24  does not assert that Lemuria engaged in any advertising or educated Internet users about

25  how to use its web hosting services for infringement.  As explained more fully in Section

26  IV(A)(3)(c), below, as a mere web host, Lemuria does not directly financially benefit from

27  any infringement on Hotfile.com.  Thus, the FAC does not contain a single allegation that

28  Lemuria induced or encouraged infringement on Hotfile.com.  Under *Twombly*, this dearth

-16-

of concrete factual allegations means that the complaint is insufficient.  *Twombly*, 550 U.S. at 562; *see also Taylor v. IBM*, 54 F. Appx. 794, 2002 WL 31845220, at *1 (5th Cir. 2002) (Where a plaintiff alleges that multiple defendants infringed its copyright, the complaint must "allege specific acts of infringement by each defendant.").

Because the FAC does not allege that Plaintiff provided notice to Lemuria and is devoid of specific facts supporting a claim that Lemuria intentionally induced or encouraged infringement, it fails to state a claim of contributory infringement against Lemuria.  *See e.g. Parker*, 422 F. Supp. 2d at 498 (dismissing contributory infringement claim based on "conclusory legal statements without sufficiently explaining the factual basis for his claims" of participation in the underlying infringement).

### 3.  The FAC Does Not State a Claim of Vicarious Infringement by Lemuria

To state a claim for vicarious infringement, Plaintiff must allege that Lemuria:  (1) has the right and ability to stop copyright infringement but failed to do so; and (2) directly profits from third party copyright infringement.  *Grokster*, 545 U.S. at 930; *Sefton v. Pathos*, 2002 WL 356518 at *5 (N.D. TX. 2002).  The FAC does not state facts supporting a claim for vicarious infringement because:  (1) it concedes that Lemuria is a mere web host that lacked notice from Plaintiff of the alleged infringement; and (2) the provision of web hosting services for a fee does not constitute a direct financial benefit as a matter of law.

#### a.  *Plaintiff's Inability to Demonstrate Direct Infringement of Specific Works Precludes Its Vicarious Infringement Claim*

Before Plaintiff can prove contributory infringement it must show that there has been direct infringement of specific protected works by third parties.  *See* Section IV(A)(2)(a), *supra*.  As a threshold matter, Plaintiff's failure to identify specific copyrighted works that were infringed is fatal to its vicarious infringement claims.

#### b.  *The FAC Does Not Allege Facts Showing Notice to Lemuria from Plaintiff or Lemuria's Knowledge of and Failure to Remove Specific Infringing Material*

To be liable for vicarious infringement, a defendant:  (1) must possess the right and ability to control the infringement of others; and (2) must have failed to stop that infringement.  *Grokster*, 545 U.S. at 930; *Sefton*, 2002 WL 356518 at *5; *Amazon.com*,

-17-

1  508 F.3d at 1173; *Shapiro, Bernstein & Co. v. H. L. Green Co.*, 316 F.2d 304, 307 (2d Cir.

2  1963).  A defendant has the requisite right and ability to control when it has "both a legal

3  right to stop or limit the directly infringing conduct, as well as the practical ability to do

4  so." *Amazon.com*, 508 F.3d at 1173.

5         The limited capability to remove infringing content after notice is not the level of

6  ability to control infringement required to sustain a claim for vicarious infringement.  As a

7  mere web host, Lemuria lacks any ability to control infringing activities on Hotfile.com,

8  except to remove infringing materials upon notice of infringement.  That level of control

9  falls far short of what is needed to claim vicarious liability.  *Io Group, Inc.  v. Veoh*

10  *Networks, Inc.*, 586 F. Supp. 2d 1132, 1151 (N.D. Cal. 2008) ("right and ability to control

11  infringing activity . . . cannot simply mean the ability of a service provider to block or

12  remove access to materials posted on its website or stored on its system")[3]; *Corbis Corp. v.*

13  *Amazon.com, Inc.*, 351 F. Supp. 2d 1090, 1110 (W.D. Wash. 2004) (right and ability to

14  control must be more than the mere ability "to remove or block access to materials");

15  *Hendrickson v. eBa*y, 165 F. Supp. 2d 1082, 1093-94 (C.D. Cal. 2001) (right and ability to

16  control requires more than the mere ability to remove or block access to materials).

17         Thus, vicarious liability only attaches if a defendant failed to exercise its right and

18  ability to control infringement by failing to remove instances of known infringement.

19  *Grokster*, 545 U.S. at 930; *Perfect 10, Inc. v. CCBILL, LLC*, 488 F.3d 1102, 1173 (9th Cir.

20  2007); *Sefton*, 2002 WL 356518 at *5.  As set forth in Section IV(A)(2)(b), *supra*,

21  Plaintiff's generalized allegation of knowledge is insufficient, and the FAC includes no

22  allegation that Plaintiff contacted Lemuria regarding any infringing content prior to this

23  litigation.  (FAC ¶¶ 7, 30.)  Therefore, Plaintiff has not pleaded the existence of this

24  essential element of vicarious infringement as against Lemuria.

25

---

26  [3]     Elements of secondary liability that overlap with those considered under the Digital

27  Millennium Copyright act must be interpreted consistently. *See  Perfect 10, Inc. v. CCBILL, LLC*, 488 F.3d 1102, 1173 (9th Cir. 2007) ("[W]e hold that 'direct financial benefit' should be interpreted consistent with the similarly-worded common law standard

28  for vicarious copyright liability.").

LEMURIA'S MOTION TO DISMISS

c.     *Lemuria Does Not Directly Profit From Infringing Content Posted to Hotfile.com*

To sustain a claim for vicarious infringement, a plaintiff must also allege a direct financial benefit derived by defendant from the alleged infringement.  *Grokster*, 545 U.S. at 930; *Sefton*, 2002 WL 356518 at *5.

Plaintiff's conclusory assertion that Lemuria receives a direct financial benefit from infringement occurring on Hotfile.com is insufficient to support a claim for vicarious infringement.  *Twombly*, 550 U.S. at 555; *see also Parker*, 422 F. Supp. 2d at 500 ("This vague and conclusory statement does not allege any actual relationship between infringing activity and the number of users and thus does not allege obvious and direct financial interest sufficient to maintain this claim of vicarious infringement.").  Rather, Plaintiff must include specific allegations explaining how Lemuria receives that benefit.

The only allegation potentially pertaining to the issue of direct financial benefit is the assertion that Lemuria provides web hosting services for Hotfile.com (and, implicitly, gets paid to provide those services).  (FAC ¶ 7.)  That assertion does not constitute a direct financial benefit necessary to support a claim for vicarious infringement as a matter of law. Deriving a fee in exchange for the provision of hosting services is not a qualifying direct financial benefit.  *CCBILL*, 488 F.3d at 1118 ("Perfect 10 only alleges that '[defendant]' hosts websites for a fee.'  This allegation is insufficient to show that the infringing activity was a 'draw'" as required to support a claim for vicarious infringement.).

Even if Plaintiff's conclusory allegation of financial benefit could be considered adequate, it would be irrelevant.  Because Plaintiff does not allege facts showing Lemuria's right and ability to control the infringing activity, financial benefit need not be considered.  *Veoh,* 586 F. Supp. 2d at 1150 (declining to consider the issue of direct financial benefit because the court concluded that defendant lacked the right and ability to control infringing activity on the subject website).

The FAC's failure to include any specific allegations showing direct financial benefit is fatal to its claim for vicarious infringement.  *See e.g. Parker*, 422 F. Supp. 2d at

500 (dismissing plaintiff's vicarious liability claim, in part, because plaintiff failed to allege facts demonstrating a direct financial benefit).  Thus, the FAC fails to assert specific facts to support either elements of a vicarious copyright infringement claim.

### 4.     Plaintiff Has Not State a Claim for Any Form of Copyright Infringement Against Lemuria

In sum, Plaintiff has not asserted any specific conduct attributable to Lemuria other than the provision of web hosting services for Hotfile.com.  (*See* FAC ¶¶ 7, 22-30.)  It likewise failed to assert any prior notice from Plaintiff that infringing works were allegedly residing on Lemuria's servers or any other basis for Lemuria's actual knowledge of such content.  (*See* FAC ¶¶ 7, 30.)  Plaintiff's failure to allege facts showing any volitional conduct by Lemuria, any inducing or encouraging conduct, any notice from Plaintiff, or any qualifying direct financial benefit to Lemuria bars Plaintiff's claims for either direct, contributory, and vicarious copyright infringement.  Thus, Plaintiff's first cause of action for copyright infringement must be dismissed.

### B.     Plaintiff Fails to Allege Facts Sufficient to Support a Claim for Trademark Infringement Against Lemuria

To state a claim for trademark infringement, the FAC must allege specific facts showing:  (1) ownership and priority of the alleged Perfect 10 trademarks; (2) Lemuria's use of the Perfect 10 trademarks; and (3) a likelihood of confusion stemming from Lemuria's use.  *Brookfield Comm., Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999).  The FAC fails to do so.  Plaintiff does not attribute any allegedly infringing or vicariously infringing conduct to Lemuria.  Moreover, any claim based on use of Plaintiff's trademarks to refer to its own works is not infringement.

### 1.     The FAC Attributes No Allegedly Infringing or Vicariously Infringing Conduct to Lemuria

Plaintiff alleges in a conclusory fashion that its trademarks are used "in connection with the sale, offering for sale, and advertising of goods and services on Hotfile.com and by Affiliated Infringing Websites" without any claim of specific conduct against Lemuria.  (FAC ¶ 52.)  The FAC does not allege any facts to establish that Lemuria sells, offers, or

-20-

1  advertises anything on Hotfile.com.  Likewise, the FAC does not include any assertion that

2  Lemuria does so as an "Affiliated Infringing Website" (an undefined term).  (FAC ¶ 52.)

3  Thus, the FAC does not include Lemuria in its trademark infringement allegations.

4       Plaintiff has not alleged that Lemuria itself has used any Perfect 10 trademark in

5  connection with its provision of web hosting services (the only business in which it alleges

6  engages).  (FAC ¶¶ 7, 52.)  It does not allege that the Perfect 10 trademarks appear in any

7  advertising by or associated with Lemuria or on any website owned by Lemuria.  (*Id*.)  It

8  does not even allege that the Perfect 10 trademarks appear on Hotfile.com.  (*Id*.)  Thus, it

9  does not allege that Lemuria itself uses the Perfect 10 trademarks in any way.  Because

10  Plaintiff does not demonstrate that Lemuria uses its trademarks, it cannot prevail on its

11  infringement claim.  *See Tiffany, Inc. v. eBay, Inc.*, 576 F. Supp. 2d 463, 496 (S.D.N.Y.

12  2008) (requiring, as an initial matter, that the trademark at issue appear on defendant's

13  website and thereafter denying liability under theories of both direct and contributory

14  infringement), *aff'd by Tiffany, Inc. v. eBay, Inc.*, 600 F.3d 93 (2d Cir. 2010).

15       Likewise, the FAC does not state a claim for contributory infringement against

16  Lemuria.  To assert contributory trademark liability against an Internet service provider,

17  one must show that the provider allowed specific acts of infringement to occur after

18  receiving knowledge of them.  *Tiffany*, 576 F. Supp. 2d at 502.  Plaintiff must demonstrate

19  that:  (1) its marks appeared on Hotfile.com; and (2) it notified Lemuria of specifically

20  infringing conduct but Lemuria failed to take responsive action.  *Id*.

21       Plaintiff has not alleged that its Perfect 10 trademarks appear on Hotfile.com.  (FAC

22  ¶ 52.)  Its failure to assert the appearance of its trademarks on Hotfile.com independently

23  bars any claim for trademark infringement vis-à-vis the Hotfile.com website.  *See Tiffany*,

24  576 F. Supp. 2d at 496 (requiring, as an initial matter, that the trademark at issue appear on

25  defendant's website and thereafter denying liability under theories of both direct and

26  contributory infringement), *aff'd by Tiffany*, 600 F.3d at 93.

27       Plaintiff likewise has not alleged that it ever contacted Lemuria to provide notice of

28  its trademark.  (FAC ¶¶ 7, 30.)  It likewise contains no assertion that Plaintiff contacted

W02-WEST:3ML1\403132681.2                    LEMURIA'S MOTION TO DISMISS

Lemuria regarding any infringing content on Hotfile.com (or any other website hosted by Lemuria).  (*Id.*)  Thus, the FAC fails to state either element of a contributory infringement claim against Lemuria.  *Tiffany*, 600 F.3d at 107 (adopting district court's finding that contributory infringement requires specific knowledge of infringing material).

**2.  Any Use of Perfect 10's Trademarks to Refer to Its Pornographic Images Is Lawful Trademark Use**

As to any Defendant, the only assertion that can be inferred from the FAC's attempt to assert a trademark claim is that Perfect 10 trademarks may appear on some of Plaintiff's works uploaded to Hotfile.com.  (FAC ¶ 52.)  That general allegation is insufficient to support a claim for trademark infringement against any Defendant, because the display or use of Plaintiff's photographs with its own trademarks attached is not infringement.

Under the doctrine of nominative fair use, a third party may use a plaintiff's trademark to identify that plaintiff's own goods, so long as there is no likelihood of confusion about the source of defendant's product.  *Tiffany*, 600 F.3d at 103 (finding that eBay's use of the TIFFANY® trademark to refer to Tiffany's own goods was fair use); *La. State Univ. Agric. & Mech. Coll. v. Smack Apparel*, 550 F.3d 465, 475, 478 (5th Cir. 2008) (one is entitled to "use another's mark truthfully to identify another's goods or services in order to describe or compare its product to the markholder's product").  The FAC asserts no facts to support a claim that anyone is or could be sufficiently confused to associate Plaintiff's pornography with Lemuria.

Because the FAC does not contain any specific allegations of infringement against Lemuria, and does not even include the basic allegation Perfect 10's trademarks are used in any way other than to refer to its own content, Plaintiff's second claim for trademark infringement under 17 U.S.C. § 1114(1), third claim for trademark dilution under 17 U.S.C. § 1125(c), and fourth claim for unfair competition under 17 U.S.C. § 1125(a), based on the alleged availability of Perfect 10's trademarks and photographic images on Hotfile.com, fail and must be dismissed.  *Glow Indus., Inc. v. Lopez*, 252 F. Supp. 2d 962,

1   975 (C.D. Cal. 2002) ("The standard for Lanham Act unfair competition is the same as

2   that for Lanham Act trademark infringement.").

3   **V.    PLAINTIFF'S FIFTH, SIXTH, SEVENTH, AND EIGHTH CLAIMS UNDER
        CALIFORNIA LAW ARE PREEMPTED BY THE COMMUNICATIONS
4       DECENCY ACT AND MUST BE DISMISSED**

5        Under the Communications Decency Act ("CDA"), no computer service provider

6   "shall be treated as the publisher or speaker of any information provided by another

7   information content provider."  47 U.S.C. § § 230(c)(1), (e)(3).  The Ninth Circuit has

8   interpreted the CDA to afford federal immunity from any state law claim that would make

9   service providers liable for information originating from a third party user defendant's

10  service.  *Batzel v. Smith*, 333 F.3d 1018, 1026-27 (9th Cir. 2003); *see also CCBILL*, 488

11  F.3d at 1118.  To be eligible for immunity from such claims:  (1) a defendant must be a

12  service provider or user of an interactive computer service; (2) plaintiff's claim must treat

13  defendant as a publisher of information; and (3) an entity other than defendant must have

14  provided the subject information.  47 U.S.C. § 230(c)(1); *Corbis*, 351 F. Supp. 2d at 1118.

15       As to the first element, Plaintiff's FAC concedes that Lemuria, as a web host, is a

16  computer service provider.  (FAC ¶ 7.)  As such, Lemuria qualifies for the CDA's

17  protection.  *See e.g. CCBILL*, 488 F.3d at 1119 (finding defendant web host eligible for the

18  CDA's preemption protections); see also *Corbis*, 351 F. Supp. 2d at 1118 (finding the

19  provider of online auction services a qualifying service provider under the CDA).

20       As to the second element, courts have found that claims for violation of the right of

21  publicity and unfair competition under § 17200 treat defendant as the publisher of

22  information for purposes of applying the CDA.  *See e.g. CCBILL*, 488 F.3d at 1118-19

23  (dismissing Perfect 10's state law claims for violation of the right of publicity and

24  violation of § 17200 as preempted by the CDA).

25       As to the third element, claims against a service provider based on content that was

26  ultimately provided by third party Internet users qualify for CDA protection.  *Batzel*, 333

27  F.3d at 1026-27.  The FAC does not allege any acts of direct infringement against

28

-23-

1   Lemuria.  (FAC ¶ 7.)  Its claims are based solely on allegedly infringing conduct occurring

2   on Hotfile.com.  (FAC ¶¶ 22, 23, 24, 28, 30.)

3           Plaintiff has asserted four claims against Lemuria under California state law, all of

4   which pertain to content allegedly stored by Lemuria on behalf of Hotfile.com.  Because

5   those state law claims are expressly preempted by the CDA, Plaintiff's fifth claim for

6   violation of Cal. Civ. Code § 3344, sixth claim for violation of Cal. Bus. & Prof. Code

7   § 17200.  *See CCBILL*, 488 F.3d at 1118-19 (dismissing nearly identical claims brought by

8   Perfect 10 against a prior defendant).

9   **VI.    PLAINTIFF'S SEVENTH AND EIGHTH CLAIMS ARE REMEDIES, NOT

10          CAUSES OF ACTION, AND MUST BE DISMISSED**

11          Plaintiff's claim for unjust enrichment is not an independent cause of action, but

12  merely a remedy.  As alleged by Plaintiff, unjust enrichment has been recognized as at

13  most a remedy, not an independent cause of action.  *See e.g. McBride v. Boughton*, 123

14  Cal. App. 4th 379, 387 (2004) ("unjust enrichment is not a cause of action or even a

15  remedy, but rather a general principle underlying various legal doctrines and remedies");

16  *Lauriedale Assocs., Ltd. v. Wilson*, 7 Cal. App. 4th 1439, 1448 (1992) ("the phrase

17  '[u]njust [e]nrichment' does not describe a theory of recovery, but an effect: the failure to

18  make restitution under circumstances where it is equitable to do so"); *Enreach Tech, Inc. v.

19  Embedded Internet Solutions*, 403 F. Supp. 2d 968, 976 (N.D. Cal. 2005) ("unjust

20  enrichment is not a valid cause of action in California.").  As in the cited cases, Plaintiff's

21  purported claim does not assert any independent grounds for relief.  It states only that

22  defendants' conduct as previously alleged has caused them to "continue to benefit from its

23  [sic] wrongdoing, and has [sic] been unjustly enriched by reaping the benefits of its [sic]

24  unlawful activities to the damage and irreparable harm of Perfect 10."  (FAC ¶ 87.)  That is

25  not a claim, but rather a request for relief based on Plaintiff's prior causes of action.[4]

26

27  [4]        An unjust enrichment can be read as a claim for breach of implied contract.  *See
            Gerlinger v. Amazon.Com, Inc.*, 311 F. Supp. 2d 838, 856 (N.D. Cal. 2004) ("[u]nder

28

1    Furthermore, there is no cause of action for constructive trust under California law.

2  Rather, constructive trust is merely a remedy.  *Stansfield v. Starkey*, 220 Cal. App. 3d 59,

3  76 (1990) ("In their third amended complaint appellants alleged, as causes of action, a

4  resulting trust and a constructive trust.  But neither is a cause of action, only a remedy."

5  (internal citations omitted)); *Kenneally v. Bank of Nova Scotia*, 711 F. Supp. 2d 1174,

6  1190 (S.D. Cal. 2010) ("constructive trust is not an independent cause of action but merely

7  a type of remedy"); *McCoy v. Scantlin*, 2004 WL 5502111, at *4 (C.D. Cal. 2004)

8  (dismissing plaintiff's purported constructive trust claim because "[u]nder California law

9  constructive trust is a remedy, not a cause of action").  Thus, a cause of action for

10  "constructive trust" is subject to dismissal.  *See, e.g., Kenneally*, 711 F. Supp. 2d at 1190-

11  1191; *Watkinson v. MortgageIt, Inc.*, 2010 WL 2196083, at p. *9 (S.D. Cal. 2010).

12    Plaintiff's seventh claim for unjust enrichment under California common law and

13  eighth claim for constructive trust under California common law do not assert causes of

14  action as a matter of law.  Even if they did, they would be barred by the CDA, for the

15  reasons explained in Section V, *supra*.  Therefore, they must be dismissed.

16  **VII.   CONCLUSION**

17    Lemuria is subject to neither general nor specific personal jurisdiction in California.

18  Even if jurisdiction could be found, Plaintiff's first, second, third, and fourth claims should

19  be dismissed for failure to allege sufficient facts asserting Lemuria's involvement in and

20  liability for the allegedly infringing conduct.  Its fifth and sixth claims under California

21  state law should be dismissed as barred by the CDA.  Its seventh and eighth claims should

22  be dismissed as remedies, not causes of action.

23  Dated:  December 20, 2010    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

24    By      *s:/James M. Chadwick*

25    JAMES M. CHADWICK

    Specially Appearing for Defendant

26    LEMURIA COMMUNICATIONS, INC.

27  California law, unjust enrichment is an action in quasi-contract").  As Plaintiff has not

28  asserted any of the elements for breach of implied contract, that is not so here.

W02-WEST:3ML1\403132681.2    LEMURIA'S MOTION TO DISMISS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEMURIA'S MOTION TO DISMISS